Isidor Wasservogel, Spec. Ref.
Pursuant to an interlocutory judgment of this court made and entered on September 18, 1959, defendant was directed to account for all moneys received by her from plaintiff. The interlocutory judgment also provided that upon such accounting, the court would take proof of the receipt by defendant of income 1 ‘ from the properties here involved and of defendant’s requirements as to her maintenance and support while she and plaintiff were living together as husband and wife, for which plaintiff may be deemed obligated to pay.”
As stated by the court in its prior decision herein (20 Mise 2d 262), the credible testimony and documentary evidence in this action clearly establish that the defendant told plaintiff innumerable lies in her successful efforts to get him to entrust her with all of his money. As a result of defendant’s concerted attempts to get possession of all plaintiff’s savings and earnings, she falsely and fraudulently promised him that upon their marriage, he would become a joint owner with her in all of the real properties she then owned or would thereafter acquire. After their marriage, defendant deceitfully showed plaintiff, an illiterate, alien seaman, various purported legal documents and told him that they represented deeds to properties in their joint names, *18 when, in fact, all of the real estate acquired by defendant with moneys which she fraudulently obtained from plaintiff, both before and after her marriage to him, remained in her name alone.
Defendant’s account indicates that she purportedly received moneys totalling more than $17,000 from plaintiff during the period from May, 1951 to December, 1953. Plaintiff, however, asserts that defendant should be charged in this accounting-action with the receipt of more than $30,000. Similarly, while defendant claims maintenance, support and expenses of managing the properties here involved in an amount exceeding $32,000, plaintiff contends that she is only entitled to a credit of $6,000.
Giving due. consideration to- the credible testimony and documentary, evidence adduced upon the trial, I find that defendant is accountable- for the receipt of the following moneys:

As against this sum of $28,516.47, defendant is- entitled to the following credits for her support, maintenance and other-expenses as hereinafter indicated:

*19

All expenses claimed by defendant which relate to the Delaware County farm purchased by her are disallowed. The farm, although bought entirely with plaintiff’s money, has always been owned solely by defendant. Despite the fact that defendant falsely told plaintiff that the farm belonged to him, the documentary evidence clearly establishes that she took title to the property in her name alone. Moreover, defendant failed to prove that plaintiff ever authorized her to make any of the alleged payments, improvements or expenditures in Connection with this farm property with which she now seeks to charge him in this action.
Thus, the equities of the parties are fixed as follows:

Judgment is rendered accordingly in favor of plaintiff against defendant for the sum of $15,049.07, with interest on $10,021.47 thereof from May 19, 1951, and with interest on the balance from January 1, 1954.
No costs are awarded.
Submit final judgment within 10 days on 3 days’ notice.
The above constitutes the decision of the court as required by the applicable provisions of the Civil Practice Act.